UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MARCIA J. HRUBY,

        Plaintiff,
     -vs-                                  5:06-CV-629
                                            (NAM/GHL)
COUNTY OF ONONDAGA (OCC),

        Defendant.
_____

**APPEARANCES**                                                    **OF COUNSEL**

MARCIA J. HRUBY
*Plaintiff Pro Se*

ANTHONY P. RIVIZZIGNO                              Karen A. Bleskoski, Esq.
ONONDAGA COUNTY ATTORNEY              Deputy County Attorney
John H. Mulroy Civic Center
421 Montgomery Street, 10th Floor
Syracuse, New York 13202

**NORMAN A. MORDUE, Chief United States District Judge**

## MEMORANDUM-DECISION AND ORDER

**I.**    **INTRODUCTION**

Plaintiff, a former employee of Onondaga Community College ("OCC"), alleges that she was discriminated against based on a disability pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et. seq.* Defendant has filed a motion to dismiss the complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). Although her responsive papers were due on or before August 21, 2006, plaintiff has not yet filed papers in opposition to defendant's motion. Plaintiff telephoned the clerk's office on August 21, 2006, to request an extension of time within which to file responsive papers and was advised to put her request in writing which she failed to do. On October 10, 2006, plaintiff called the office of

Magistrate Judge George H. Lowe to again request an extension of time in which to file her opposition papers. Plaintiff was advised once again to put her request in writing. On October 11, 2006, plaintiff filed a letter request for the afore referenced extension.

## II.     FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff commenced the present action by filing a civil rights complaint on a form provided by the clerk's office for *pro se* litigants. On the section of the form entitled "Facts," plaintiff states that in June 2004 she sought protection from harassment she faced at work due to a "medical disability." Plaintiff claims she was terminated in August 2004 because she had become a "liability." In the section of the form complaint entitled "Causes of Action," plaintiff details the administrative review process she pursued with the New York State Division of Human Rights ("DHR") and the United States Equal Employment Opportunity Commission ("EEOC"). Attached to plaintiff's complaint are documents which appear to be part of the administrative review process conducted by DHR and the EEOC. Although her original administrative complaint to DHR is not attached, the exhibits to plaintiff's complaint include OCC's response to her complaint, her rebuttal and documentary evidence she submitted to the agencies in furtherance of her complaint. Following a full investigation and evidentiary hearing, DHR issued a determination of no probable cause on November 8, 2005. In February 2006, the EEOC issued a Dismissal and Notice of Suit Rights. The federal Equal Employment Opportunity Commission issued a Notice of Right to Sue to plaintiff on October 26, 2004.

Defendant argues that the basis of plaintiff's complaint - Title VII of the Civil Rights Act - makes it an unlawful employment practice to discriminate against an employee on the basis of race, color, religion, sex or national origin. However, defendant points out that plaintiff has failed to allege that OCC discriminated against her on any of the afore-referenced grounds. Instead,

2

plaintiff alleges disability discrimination which is governed by the Americans with Disabilities Act ("ADA"). Defendant contends that even if the Court were to assume plaintiff intended to sue under the ADA, there are no facts in the complaint sufficient to make out a claim of disability discrimination thereunder. Thus, defendant argues that the complaint is insufficient on its face and must be dismissed.

**III.     DISCUSSION**

A.     Standard of Review

The standards applicable to motions to dismiss are well-settled. On a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court must accept the allegations of the complaint as true, and draw all reasonable inferences in favor of the nonmoving party. *See Grandon v. Merrill Lynch & Co.,* 147 F.3d 184, 188 (2d Cir. 1998); *Gant v. Wallingford Bd. of Educ.,* 69 F.3d 669, 673 (2d Cir. 1995). In addition, the Court may not dismiss the complaint unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nettis v. Levitt,* 241 F.3d 186, 191 (2d Cir. 2001) (quotation omitted). Therefore, the issue before the Court on such a motion "is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *King v. Simpson,* 189 F.3d 284, 287 (2d Cir. 1999) (quoting *Villager Pond, Inc. v. Town of Darien,* 56 F.3d 375, 378 (2d Cir. 1995)). In determining the sufficiency of a plaintiff's claim under 12(b)(6), "consideration is limited to the factual allegations in plaintiff's . . . complaint, which are accepted as true, to documents attached to the complaint as an exhibit or incorporated in it by reference, to matters of which judicial notice may be taken, or to documents either in plaintiff's possession or of which plaintiff had knowledge and relied on in bringing suit." *Brass v. American Film Techs.*, 987 F.2d 142, 150 (2d Cir. 1993).

B.      Sufficiency of Plaintiff's Complaint

It is true that plaintiff includes virtually no facts in her *pro se* form complaint concerning the nature of her alleged disability or the actions taken by her employer in connection therewith. However, it is also true that the clerk's office form completed by plaintiff did not provide any boxes to "check off" concerning alleged disability discrimination. That plaintiff did not specifically delineate the ADA as the legal basis of her claim is not fatal, however. When a plaintiff is proceeding *pro se*, a court must read her papers " 'liberally and interpret them to raise the strongest arguments that they suggest.' " *Jorgensen v. Epic/Sony Records*, 351 F.3d 46, 50 (2d Cir. 2003) (quoting *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999)). Furthermore, if a complaint satisfies the "short and plain statement" requirement, it otherwise need only "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512-13 (2002).

The exhibits attached to plaintiff's complaint, which include OCC's response to her administrative petition, plaintiff's rebuttal to said response and documentary evidence submitted as part of administrative review of her claim, do contain sufficient factual information to ascertain the basic facts of her claim. To wit, it appears that plaintiff was being treated for lower back and leg pain, diabetes and heart disease at or about the same time that she was having trouble with the probationary requirements of her job at OCC. Specifically, the documents attached to plaintiff's complaint suggest that she was often absent from or tardy to work and took time off during the day to attend appointments without providing notice to her supervisor. Plaintiff asserts that she requested an accommodation for her disabilities and inquired into taking time off from her job pursuant to the Family Medical Leave Act ("FMLA"). However, plaintiff contends that she was told she was not eligible to obtain leave under the FMLA   Plaintiff also asserts that her

4

supervisor accused her of "babying" herself and compared her to a pregnant co-worker who had taken very little time off from work due to her condition. Plaintiff claims that she was treated differently than other probationary employees and terminated in August 2004 because of her health issues.

Based thereupon, the Court finds that plaintiff's claim of disability discrimination is sufficiently set forth in the complaint and attachments thereto. Crediting the allegations in the complaint and supporting documents, plaintiff has adequately stated a claim that she was treated disparately or terminated because of an alleged disability in violation of the ADA. *See Ricciuti v. N.Y.C. Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991) (complaint must be sufficient to provide "a fair understanding of what the plaintiff is complaining about and ⋯ whether there is a legal basis for recovery.").

### IV.  CONCLUSION

Based on the foregoing, it is hereby

ORDERED that defendant's motion (Dkt. # 6) to dismiss plaintiff's complaint is DENIED; and it is further

ORDERED that plaintiff's letter request (Dkt. # 7) for an extension of time within which to file opposition papers to defendant's motion is DENIED as moot.

IT IS SO ORDERED.

DATE: October 20, 2006

_____
Norman A. Mordue
Chief United States District Court Judge